# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# Orlando Division

| | |
|---|---|
| Jason Spurlock,<br><br>    Plaintiff,<br><br> -against-<br><br>Equifax Information Services, LLC; and Southeast Toyota Finance d/b/a World Omni Financial Corporation;<br><br>    Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

  Plaintiff Jason Spurlock, by and through counsel, as and for this Complaint against Defendants Equifax Information Services, LLC ("Equifax" or "Bureau"), and Southeast Toyota Finance d/b/a World Omni Financial Corporation ("SETF" or "Furnisher"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

  1. Plaintiff brings this action for damages arising from each Defendant's violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

  2. As described more fully below, each Defendant improperly reported the same account <u>twice</u> on Plaintiff's credit report.

  3. Plaintiff disputed this.

  4. Each Defendant failed correct the inaccuracies.

  5. Plaintiff was thereby damaged.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

8. Plaintiff is a resident of Florida, County of Duval.

9. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services LLC, is a consumer reporting agency defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. Equifax is a Georgia corporation registered to do business in this State.

12. Equifax may be served with process upon its registered agent at Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

13. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

14. Defendant SETF is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

15. SETF has an address for service at c/o United Agent Group Inc., 801 US Highway 1, North Palm Beach, FL 33408.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates the above allegations as if set forth here.

17. Plaintiff had an account with SETF in April 2018.

18. There is a SETF account in Plaintiff's name.

19. The SETF account number begins with 420091… ("Account").

20. Plaintiff only had one account.

21. On information and belief, on date(s) better known to the Bureau, it issued credit reports concerning the Plaintiff that included two SETF tradelines.

22. Yet Plaintiff did not have two accounts with SETF.

23. The two account numbers both begin with 420091…

24. The two accounts appear to have the same full account number.

25. The information being reported is for the same account.

26. The two accounts have the same:

   a. Account Name

   b. Account type as Installment

   c. Date opened – April 2018

   d. Balance of $23,154

   e. Responsibility noted as Individual Account

3

  f. Status as Charge-Off.

27. Among other issues, the Bureau was reporting both accounts as having negative payment history.

28. More importantly, the Account is being reported twice.

29. The Account is being reported twice as charged off.

30. The information furnished by Furnisher and published by the Bureau is inaccurate.

31. The Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

32. On January 27, 2023, Plaintiff disputed the Account with the Bureau ("Dispute").

33. Plaintiff stated in his Dispute that the two Accounts are duplicates of each other and should be removed.

34. The Bureau is required by law to notify Furnisher of Plaintiff's dispute(s).

35. It appears and is therefore averred that the Bureau notified Furnisher of Plaintiff's dispute(s).

36. Despite the Dispute, the reporting was not corrected.

37. Upon receipt of the dispute(s) of the account by the Plaintiff from the Bureau, Furnisher failed to conduct a reasonable investigation and continued to

report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to their respective disputed Accounts.

38. Had Furnisher conducted a reasonable investigation it would have been revealed to it that its Account information was inaccurate.

39. A reasonable investigation by each Defendant would have revealed that each respective Account is being incorrectly reported.

40. Each Defendant was in receipt of the evidence showing that the reported information was inaccurate.

41. The Bureau was in receipt of information showing the information reported by Furnisher was inaccurate.

42. Despite the Dispute(s) by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed Accounts, each Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account(s) was inaccurate.

43. Each Defendant did not even call Plaintiff to discuss his claims.

44. Each Defendant did not even email Plaintiff to discuss his claims.

45. Each Defendant did not even mail correspondence to Plaintiff to discuss his claims while conducting its investigation or reinvestigation of the Accounts.

46. The Bureau's actions described herein violated 15 U.S.C. § 1681i.

5

47. The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

48. Furnisher' actions described herein violated 15 U.S.C. 1681s-2 (b).

49. Notwithstanding Plaintiff's efforts, each Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

50. Each Defendant knew or had reason to know the information was inaccurate.

51. Each Defendant was in possession of the documentation of the inaccuracies of the Account yet persisted in reporting it anyway.

52. Upon information and belief, the Bureau did not request any supporting documentation from Furnisher during its investigation(s) of Plaintiff's Dispute(s).

53. Upon information and belief, Furnisher did not send any documentation to the Bureau during its investigation(s) of Plaintiff's Dispute(s).

54. Furnisher continues to furnish credit data which is inaccurate and materially misleading, and the Bureau's reporting of the above-referenced tradeline(s) continue to be inaccurate and materially misleading.

## Damages

55. As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

56. Each Defendant's erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

57. Plaintiff suffered damage to his reputation as it falsely appears as if he is delinquent on two Accounts when he is not.

58. It also falsely appears as if Plaintiff owes money on two Accounts.

59. This false information was published to numerous third parties.

60. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

61. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment for having false information on his credit report, for credit denial, and for having others see the false credit information.

62. Plaintiff was denied funding opportunities due to Defendants' actions.

63. Multiple times when applying for various forms of credit. Plaintiff was denied, in whole or in part, due to each Defendant's actions described above.

64. These denials caused Plaintiff to suffer tangible and intangible losses of lack of available credit.

65. Plaintiff suffered and continues to suffer due to each Defendant's improper actions.

7

66. Plaintiff was emotionally distraught and damaged.

67. Each Defendant failed to rectify its wrongs.

68. Plaintiff was left with no choice but to institute the instant proceeding.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA as to the Bureau)

69. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

70. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

71. The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained or furnished concerning the Plaintiff.

72. The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

73. The Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if the Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

74. The Bureau has willfully and recklessly, or in the alternative negligently, failed to comply with the Act.

8

75. The failure of the Bureau to comply with the Act include but is not necessarily limited to:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c) The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

    d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

    f) The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

    g) The failure to provide notice of a dispute to the Furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the Furnisher in response to a dispute.

76. As a result of the conduct, action and inaction of the Bureau, Plaintiff suffered damage as described above.

77. The conduct, action and inaction of the Bureau was willful rendering the Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

78. In the alternative, the conduct, action, and inaction of the Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

79. Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

80. WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## SECOND CAUSE OF ACTION
**(Violations of the FCRA as to Furnisher)**

81. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

82. This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

83. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

84. Pursuant to the Act, Furnisher of disputed information must be notified by the credit reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

85. The Furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

86. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the Furnisher must report the results to any other agencies which were supplied such information.

87. Upon information and belief, and as described above, Furnisher received notice of Plaintiff's dispute(s) from one or more of the Bureaus.

88. Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

89. Furnisher continued to report this information on the Plaintiff's credit report after being notified of the dispute(s) regarding the Account(s) as described above.

90. As a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

91. The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

92. In the alternative, the conduct, action, and inaction of Furnisher was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

93. Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

94. WHEREFORE, Plaintiff demands judgment for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

95. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

  f)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

  g)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: April 17, 2024

             By: **ZEIG LAW FIRM, LLC**
                */s/ Justin Zeig*
                Justin Zeig, Esq.
                3475 Sheridan Street, Ste 310
                Hollywood, FL 33021
                Phone: (754) 217-3084
                Fax: (954) 272-7807
                Justin@zeiglawfirm.com